UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| BENJAMIN L. QUARLES | : | CIVIL ACTION NO. 5:22-cv-1326 |
| VERSUS | : | JUDGE JERRY EDWARDS, JR. |
| CITY OF MINDEN, ET AL | : | MAG. JUDGE MARK L. HORNSBY |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come Defendants, OFFICER CHRIS MCCLARAN ("Officer McClaran"), and OFFICER CHRIS HAMMONTREE ("Officer Hammontree") (collectively "Defendants"), who hereby respond as follows to the Amended Complaint (Rec. Doc. 22) filed by Plaintiff BENJAMIN L. QUARLES ("Plaintiff"):[1]

1.

In response to the allegations of Paragraph 1, Defendants admit that Petitioner is bringing an action under the statutes and Constitutional Amendments cited therein. Except to the extent thus expressly admitted, the allegations are denied..

2.

The allegations of Paragraph 2 are admitted.

3.

The allegations of Paragraph 3 are admitted.

4.

The allegations contained in Paragraph 4 are denied except to admit that Benjamin Quarles is the Petitioner. Further answering, Defendants

---

[1] All of Plaintiff's claims against two other defendants named in the Complaint—*i.e.* the City of Minden and its former police chief, Steve Cropper—have been dismissed with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

5.

The allegations of Paragraph 5 are admitted.

6.

The allegations of Paragraph 6 are admitted.

7.

In response to the allegations of Paragraph 7, Defendants admit that Plaintiff purports to name Steve Cropper as a defendant therein. Except to the extent thus expressly admitted, the allegations are denied. Further answering, Defendants affirmatively show that all claims against Steve Cropper have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

8.

In response to the allegations of Paragraph 8, Defendants admit that Plaintiff purports to name the City of Minden as a defendant therein. Except to the extent thus expressly admitted, the allegations are denied. Further answering, Defendants affirmatively show that all claims against the City of Minden have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

9.

In response to the allegations of Paragraph 9, Defendants admit that their challenged actions were taken under color of law under the meaning of 42 U.S.C. § 1983. Except to the extent thus expressly admitted, the allegations are denied. Further answering, Defendants affirmatively show that Plaintiff's *Monell* claims against the City of Minden and Steve Cropper have been dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

10.

The allegations of Paragraph 10 are admitted.

11.

In response to the allegations of Paragraph 11, Defendants admit that Plaintiff purports to be suing Steve Cropper in his official capacity. Except to the extent thus expressly admitted, the allegations are denied. Further answering, Defendants affirmatively show that all claims against Steve Cropper have been dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

12.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

In response to the allegations of Paragraph 13, Defendants admit that on the date in question, Mr. Quarles's vehicle was stopped on Pine Street near its intersection with Main Street, that Mr. Quarles's vehicle was struck from behind by an 18-wheeler, and that the 18 wheeler pushed Mr. Quarles's vehicle into the intersection. Except to the extent thus expressly admitted, the allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 are admitted only insofar as the accident report indicates "no violation" occurred on the part of Mr. Quarles regarding the cause of the predicate automobile accident. Any other implications meant to be drawn from the allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied for lack of information sufficient to justify a belief therein.

16.

The allegations of Paragraph 16 are admitted.

17.

In response to the allegations of Paragraph 17, Defendants admit the videos attached to the Amended Complaint as Exhibits, A, B, and C are authentic copies of body camera footage taken on the date in question by the police officers identified therein. Any other implications meant to be drawn from the allegations of Paragraph 17 are denied. Further answering, Defendants affirmatively show that the video footage speaks for itself.

18.

The allegations of Paragraph 18 are denied as written. Further answering, Defendants affirmatively show that the video footage speaks for itself.

19.

The allegations of Paragraph 19 are denied as written. Further answering, Defendants affirmatively show that the video footage speaks for itself.

20.

The allegations of Paragraph 20 are denied. Further answering, Defendants affirmatively show that the video footage speaks for itself.

21.

The allegations contained in Paragraph 21 are denied. Further answering, Defendants affirmatively show that the video footage speaks for itself.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied

24.

The allegations of Paragraph 24 are denied.

25.

The allegations of Paragraph 25 are denied.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 are denied. Further answering, Defendants affirmatively show that Plaintiff's unreasonable search and conversion claims have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

28.

The allegations of Paragraph 28 are admitted.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are admitted.

31.

The allegations of Paragraph 31 are denied.

32.

Paragraph 32 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

33.

The allegations of Paragraph 33 are denied.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are denied,

36.

The allegations of Paragraph 36 are denied

37.

The allegations of Paragraph 37 are denied.

38.

The allegations of Paragraph 38 require no response. To the extent a response is deemed necessary, the allegations are admitted.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied.

41.

Paragraph 41 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 are denied.

48.

The allegations of Paragraph 48 are denied.

49.

The allegations of Paragraph 49 are denied.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

Paragraph 52 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

53.

The allegations of Paragraph 53 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

54.

The allegations of Paragraph 54 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

55.

The allegations of Paragraph 55 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

56.

The allegations of Paragraph 56 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

57.

The allegations of Paragraph 57 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

58.

The allegations of Paragraph 58 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

59.

The allegations of Paragraph 59 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

60.

The allegations of Paragraph 60 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

61.

The allegations of Paragraph 61 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

62.

The allegations of Paragraph 62 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

63.

The allegations of Paragraph 63 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

64.

The allegations of Paragraph 64 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024). Defendants further specifically deny that Officer McClaran "has a history of violating the constitutional rights of law-abiding citizens."

65.

The allegations of Paragraph 65 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024). Defendants further specifically deny that Officer Hammontree "has a history of violating the constitutional rights of law-abiding citizens."

66.

The allegations of Paragraph 65 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024). Defendants further specifically deny that they "have demonstrable propensities for wrongful arrests, excessive force, violence, or other misconduct."

67.

The allegations of Paragraph 67 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

68.

The allegations of Paragraph 68 are denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

69.

The allegations of Paragraphs 69 re denied. Further answering, Defendants affirmatively show that the *Monell* claims alleged in Count III have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

70.

Paragraph 70 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

71.

The allegations of Paragraph 71 do not require a response. To the extent a response is deemed necessary, the allegations are admitted. Further answering, Defendants affirmatively show that the Fourth-Amendment unreasonable search claims alleged in Count IV have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

72.

The allegations of Paragraph 72 do not require a response. To the extent a response is deemed necessary, the allegations are denied as written. Further answering, Defendants affirmatively show that the Fourth-Amendment unreasonable search claims alleged in Count IV have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

73.

The allegations of Paragraph 73 are denied. Further answering, Defendants affirmatively show that the Fourth-Amendment unreasonable search claims alleged in Count IV have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

74.

The allegations of Paragraph 74 are denied. Further answering, Defendants affirmatively show that the Fourth-Amendment unreasonable search claims alleged in Count IV have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

75.

The allegations of Paragraph 75 are denied as written. Further answering, Defendants affirmatively show that the Fourth-Amendment unreasonable search claims alleged in Count IV have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

76.

The allegations of Paragraph 76 are denied. Further answering, Defendants affirmatively show that the Fourth-Amendment unreasonable search claims alleged in Count IV have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

77.

The allegations of Paragraph 77are denied. Further answering, Defendants affirmatively show that the Fourth-Amendment unreasonable search claim alleged in Count IV have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

78.

Paragraph 78 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

79.

In response to the allegations of Paragraph 79, Defendants admit that they were personally involved with Plaintiff's detention and arrest. Except to the extent thus expressly admitted, the allegations are denied.

80.

The allegations of Paragraph 80 are denied. Further answering, Defendants affirmatively show that all claims against the City of Minden and Steve Cropper have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

81.

The allegations of Paragraph 81 are denied. Further answering, Defendants affirmatively show that all claims against the City of Minden and Steve Cropper have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

82.

The allegations of Paragraph 82 are denied.

83.

The allegations of Paragraph 83 are denied.

84.

Paragraph 84 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

85.

The allegations of Paragraph 85 are denied.

86.

The allegations of Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.

Paragraph 87 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

88.

The allegations of Paragraph 88 are denied. Further answering, Defendants affirmatively show that the claim of intentional infliction of emotional distress alleged in Count VII has been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

89.

The allegations of Paragraph 89 are denied. Further answering, Defendants affirmatively show that the claim of intentional infliction of emotional distress alleged in Count VII has been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

90.

The allegations of Paragraph 90 are denied. Further answering, Defendants affirmatively show that the claim of intentional infliction of emotional distress alleged in Count VII has been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

91.

Paragraph 91 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

92.

The allegations of Paragraph 92 are denied. Further answering, Defendants affirmatively show that the conversion claim alleged in Count VIII has been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

93.

The allegations of Paragraph 93 are denied. Further answering, Defendants affirmatively show that the conversion claim alleged in Count VIII has been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

94.

Paragraph 94 reincorporates Plaintiff's earlier allegations. Defendants likewise incorporate their corresponding responses.

95.

The allegations of Paragraph 95 do not require a response. To the extent a response is deemed necessary, the allegations are admitted. Further answering, Defendants affirmatively show that the state-law constitutional claims alleged in Count IX have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

96.

The allegations of Paragraph 96 are denied. Further answering, Defendants affirmatively show that the state-law constitutional claims alleged in Count IX have been dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6). *See* Mem. Ruling and Order, Rec. Doc. 34 (Nov. 19, 2024).

97.

Paragraph 97 is Plaintiff's request for a jury trial and does not require a response from Defendants. To the extent a response is deemed necessary, Defendants admit that Plaintiff is entitled to a trial by jury.

**AFFIRMATIVE DEFENSES**

NOW FURTHER ANSWERING, Defendants respectfully plead the following affirmative Defenses to Plaintiff's Amended Complaint:

98.

All of Defendants actions were taken while acting in their official capacities, were within the scope of their discretionary authority, and were based upon a good faith belief in the correctness and legality of such actions. Defendants' beliefs were further based on the existence of reasonable grounds for those beliefs at the time and in light of all circumstances. Defendants are therefore entitled to qualified immunity from any federal or state law claims against them

99.

Any alleged injuries suffered by the Plaintiff as a result of the acts of which he complains, which are denied, occurred as a direct result of plaintiff's own negligence or acts or omissions, including his failure to cooperate with police officers. Any award to Plaintiff should be reduced in proportion to the degree or percentage of fault or negligence attributable to Plaintiff in accordance with the principles of comparative fault and the laws of the State of Louisiana.

100.

Defendants plead all limitations of liability set forth in the applicable Louisiana statutes limiting liability for public bodies and their officers, specifically including La. R.S. §13:5106, et seq.

101.

Defendants further plead the limitations of liability for public bodies and their officers pursuant to La. R.S. § 9:2798.1 for the exercise or failure to exercise or perform their policy-making or discretionary acts or omissions.

102.

Defendants also affirmatively plead that Plaintiff will be responsible for Defendants' costs, including attorney fees, as the prevailing parties pursuant to 42 U.S.C. § 1988.

103.

Defendants affirmatively show that if any of the medical expenses claimed by Plaintiff have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U..S.C. § 1395(v)(b)(B)(ii)(b)(a) and La. R.S. § 46:153(E), Plaintiff has no cause of action for recovery of any medicals paid by Medicare and/or Medicaid as the acceptance of payment by or on behalf of Plaintiff constitutes a complete assignment of rights to said entities for recovery of those benefits.

104.

Defendants plead the provisions of La. R.S. §§ 22:1871 *et seq.* regarding balance billing with respect to any claim for future medical expenses. Plaintiff is not entitled to recover any amounts for past or future medical that may constitute prohibited discount or dual billing in violation of Louisiana law.

105.

Should Defendants have any liability (which is denied), then they are entitled to, and hereby request, a credit and/or offset of any Medicaid discounts and/or adjustments pursuant to *Bozeman v. State of Louisiana,* 2003-1016 (La. 7/2/04), 879 So. 2d 692, and attorney discounts pursuant to *Hoffman v. 21st Century North America Ins. Co.,* 2014-2279 (La. 10/2/15), 209 So. 3d 702.

106.

Defendants affirmatively plead a credit and/or setoff with regard to any and all available liability insurance in favor of Plaintiff.

107.

Defendants affirmatively plead a credit and/or setoff with regard to any and all payments made to date for claims asserted in the present litigation.

108.

Defendants affirmatively plead failure to mitigate damages as a defense to the claims of Plaintiff herein, to the extent established through discovery and supported by the evidence.

109.

Defendants further plead all affirmative defenses and/or avoidances available to them under FED. R. CIV. P. 8(c), 42 U.S.C. §§ 1981 et seq., and/or LA. CODE CIV. P. art. 1005.

WHEREFORE, Defendants PRAY that this Honorable Court find this Answer good and sufficient and, after due proceedings be had, that there be judgment rendered herein in favor of Defendants, rejecting complaints of Plaintiff with prejudice and at his cost. Defendants further pray for any and all legal and equitable relief to which they may be entitled.

[*SIGNATURE AND CERTIFICATE OF SERVICE ON FOLLOWING PAGE*]

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY & CROMWELL, L.L.P.

BY:   */s/ Marshall Perkins*
      Robert A. Dunkelman, La No. 18189
      Marshall Perkins, La. No. 36979

400 Texas Street, Suite 400 (71101)
P. O. Box 1786
Shreveport, Louisiana 71166-1786
Phone: (318) 221-1800
Fax:   (318) 226-0390
Email: rdunkelman@padwbc.com
       mperkins@padwbc.com

ATTORNEYS FOR DEFENDANTS OFFICER CHRIS MCCLARAN, OFFICER CHRIS HAMMONTREE, THE CITY OF MINDEN, AND CHIEF STEVE CROPPER,

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of that system.

Signed in Shreveport, Louisiana on this <u>14th </u>day of <u>January</u>, 2025.


      <u>/s/ Marshall Perkins</u>
      OF COUNSEL