UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BENJAMIN L QUARLES                    CIVIL ACTION NO. 22-cv-1326

VERSUS                                JUDGE EDWARDS

CHRIS MCCLARAN ET AL                  MAGISTRATE JUDGE HORNSBY

### MEMORANDUM ORDER

**Introduction**

Plaintiff filed this civil rights action against several Minden police officers based on allegations of wrongful arrest, malicious prosecution, excessive force, and battery. The claims arise out of the arrest of Plaintiff and search of his car following his involvement in a traffic accident.

Before the court is **Plaintiff's Motion to Compel and Motion to Strike Objections (Doc. 45)**. Plaintiff moves to strike Defendants' objections to his first set of discovery propounded to Defendants and to compel Defendants to respond to several requests. For the reasons that follow, it is recommended that the motions be **granted in part and denied in part**.

**Motion to Strike**

Plaintiff moves to strike Defendants' general and boilerplate objections to all of the discovery requests. Defendants' responses are prefaced with five "General Objections." These objections purport to object to all of the discovery requests "to the extent" that the requests relate to claims that have been previously dismissed, call for answers that are not

relevant or reasonably calculated to lead to admissible evidence, seek disclosure of privileged information, cause undue burden or expense, or cause private information to be disseminated or published.

For some of the objections, Defendants provided an explanation, but they did not do so for all. Defendants went on to answer each request "subject to and without waiving" the objections. Defendants claim that the objections are a prophylactic measure to avoid a potential waiver claim in the future.

General and boilerplate objections such as the ones asserted by Defendants are meaningless and constitute a waste of time for opposing counsel and the court. Weems v. Hodnett, 2011 WL 3100554 (W.D. La. 2011); Heller v. City of Dallas, 303 F.R.D. 466 (N.D. Tex. 2014). In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple "general objections" are incorporated into many of the responses with no attempt to show the application of each objection to the particular request.

Rule 26(g) requires each discovery request, response, or objection to be signed by at least one attorney of record. The rule imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. Ace USA v. Union Pacific, 2010 WL 4629920 (D. Kan. 2010). The certification requires attorneys to stop and think about the legitimacy of a discovery request, response, or objection. Id.

Defendants' general objections violate the letter and spirit of Rule 26. Defendants made little to no attempt to explain the applicability of the general objections to the discovery requests. Defendants asserted a general objection for privileged or proprietary information, yet Defendants do not explain (in a privileged document log or otherwise) what, if any, information was withheld. Based on the foregoing, the court deems Plaintiff's general objections waived and will decline to consider them as objections at all.

**Request for Production No. 4**

Plaintiff seeks "all records and reports made as a result of the incident that led to [Plaintiff's] arrest." Defendants produced officers' reports but assert in their opposition a "partial privilege" because the request could be read as seeking counsel reports. Defendants allege in their opposition that no pre-suit documents were withheld for privilege and that there is nothing to include on a privilege log.

The court does not read the request to seek attorney-client reports. Defendants must specify that they have produced all non-privileged reports and records that led to Plaintiff's arrest.

**Request for Production No. 8**

Plaintiff seeks "the entire personnel file and jacket of each and every police officer involved in the arrest" of Plaintiff, including but not limited to Chris McLaran and Chris Hammontree. Defendants produced redacted documents from the personnel files of McClaran and Hammontree but represented in their response to the request that they withheld documents such as civil service promotional application and testing, sick leave

and return-to-work excuse files, benefits records, workers' compensation records, and tax information on the basis that the documents were voluminous and irrelevant. Defendants also represented that they withheld personnel files of other officers on the scene of the accident and at the hospital because those documents have no bearing on any claim or defense as those officers are not parties.

Plaintiff argues that Defendants' objections are improper. The court finds that, even though the objections have been stricken, Defendants' response is a proper response to an overly broad request. Typically, this court does not require parties to produce "any and all" types of information. See, e.g., Ferguson v. Swift, 2020 WL 131558067 (W.D. La. 2020).

**Request for Production No. 9**

Plaintiff requested all photographs and diagrams related to the incident at issue. Defendants objected on the basis of privilege and produced photographs taken by Officer McClaran at the scene. Plaintiff argues that if photographs were withheld on the basis of privilege, Defendants should produce a privilege log. Defendants maintain in their opposition a "partial privilege objection" on the basis that the request could be read as seeking counsel's diagrams; however, Defendants also represent that no pre-suit documents were withheld for privilege and that there is nothing to include on a privilege log.

If they have not already done so, Defendants are directed to produce all photographs and diagrams except those made by or at the direction of Defendants' counsel.

**Request for Production Nos. 13-14**

Plaintiff requested policies and procedures related to arrests, use of non-lethal force, and use of force, as well as bulletins, orders, and special operating procedures in place at the time of Plaintiff's arrest. Defendants objected that the requests were not reasonably calculated to lead to the discovery of admissible evidence because the documents would only be relevant to a Monell and/or vicarious liability claim, and all such claims have been dismissed with prejudice. Defendants produced 13 policies, including some that Defendants claim have only marginal relevance to this case. Defendants claim that the policies that were not produced were on irrelevant matters such as media relations, long guns, and bank alarms. Defendants argue that Plaintiff has not explained what relevance the unproduced policies have.

The court finds that the relevant policies have been produced. Policies regarding media, bank alarms and the like need not be produced. Likewise, requests for police bulletins, orders, or special operation procedures, unless relevant to the claims and defenses in this case, need not be produced.

**Request for Production No. 16**

Plaintiff requested "any complaint" made against defendants McClaran or Hammontree. Defendants objected again that the requests were not reasonably calculated to lead to the discovery of admissible evidence because the documents would only be relevant to a Monell and/or vicarious liability claim, and all such claims have been dismissed with prejudice. Defendants stated that they produced all sustained claims but

object to the production of any unsustained claims. Defendants also objected that the only other possible basis for seeking the complaints would be to develop evidence of prior bad acts, which is inadmissible. Plaintiff responds that the complaints are relevant to the officers' patterns and practices.

The court agrees with Plaintiff. The fact that other claims may not be admissible does not mean they are not discoverable. They must be produced.

**Request for Production No. 17[1]**

Plaintiff requested copies of any disciplinary action taken against McClaran or Hammontree. Defendants objected again that the requests were not reasonably calculated to lead to the discovery of admissible evidence because the documents would only be relevant to a Monell and/or vicarious liability claim, and all such claims have been dismissed with prejudice. Defendants referred to their response to RFP No. 8, the personnel records of McClaran and Hammontree. Defendants state in their opposition that all sustained complaints and disciplinary action were produced. Plaintiff argues that Defendants represent that only sustained complaints were produced, but Defendants did not make this clear in their response to the discovery. Plaintiff argues that Defendants should disclose what documents are withheld.

Defendants are ordered to produce the disciplinary files regarding the two officers. This includes "sustained complaints" as well as "unsustained complaints."

---

[1] At RFP No. 18, Plaintiff requested copies of awards and commendations. Defendants represent that they have produced all such documents. Although this request is listed along with RFP No. 17 in Plaintiff's reply memorandum, there does not appear to be a dispute as to this particular request.

**Request for Production No. 19**

Plaintiff requested a copy of all lawsuits filed against McClaran or Hammontree from 2012 to present.  Defendants objected again that the requests were not reasonably calculated to lead to the discovery of admissible evidence because the documents would only be relevant to a Monell and/or vicarious liability claim, and all such claims have been dismissed with prejudice.  Defendants also objected to the request as calling for publicly available records that are equally accessible to Plaintiff.  Defendants also claim that the request would be better framed as an interrogatory.  As a request for production, it is unclear whether Plaintiff is requesting every document filed in such lawsuits.

Plaintiff argues that the lawsuits are relevant to the officer's patterns and practices and to punitive damages claims.  Plaintiff also argues that it is immaterial whether Plaintiff can obtain the documents from public record and that Defendants have a duty to produce material in their possession.  This is correct.  Defendants are ordered to produce any complaints or petitions filed in court against the two officers, but the entire suit records need not be produced.

**Request for Production Nos. 20-22**

Plaintiff requested all training materials used to train the defendant officers on probable cause to make an arrest, use of force, and use of pepper spray and other non-lethal force.  Defendants objected again that the requests were not reasonably calculated to lead to the discovery of admissible evidence because the documents would only be relevant to a Monell and/or vicarious liability claim, and all such claims have been dismissed with

prejudice. Defendants represent that certificates of training completed by the officers were produced with the portions of their personnel files. Defendants argue that it would be unduly burdensome to require them to identify and track down the sponsor of every course the officers took in the academy and obtain copies of all of the materials the sponsors used for the courses.

Plaintiff argues that if Defendants have such records in their possession, they are obligated to produce them. Plaintiff is correct. Defendants must produce what they have, but need not hunt down every seminar instructor to gather additional information.

All supplementation required by this order shall be produced within 14 days of the date of this order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of April, 2025.

Mark L. Hornsby
U.S. Magistrate Judge